UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **AVERY McELROY;** | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 1998 |
| | ) | |
| vs. | ) | |
| | ) | **Judge Anderson** |
| **CITY OF CHICAGO,** | ) | **Magistrate Judge Mason** |
| A Municipal Corporation; and | ) | |
| Chicago Police Officers | ) | **Jury Demand** |
| JOHN DOWLING, Star # 12264; and | ) | |
| KEITH SINKS, Star # 18723 | ) | |
| | ) | |
| **Defendants.** | ) | |

## SECOND AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a citizen of the United States, and a resident of the City of Chicago.

5. Defendant Police Officers are duly appointed and sworn City of Chicago police officers. At all times material to this complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On or about November 17, 2005, at about 7:30 pm, Plaintiff was walking near 64th and Laughlin in the City of Chicago.

9. Two Defendant-Officers pulled up next to Plaintiff in a marked police car and

stopped. Defendant-Officers ordered Plaintiff to: "Stop right there, we want to talk to you."

    10.    The Defendant-Officers got out of their car, and rushed towards Plaintiff.

    11.    Plaintiff was not free to leave.

    12.    Defendant-Officers demanded that Plaintiff produce identification.

    13.    Plaintiff asked the Defendant-Officers why they needed his identification.

    14.    The Defendant-Officers told Plaintiff that they do not need a reason, and to keep his mouth shut.

    15.    Plaintiff produced identification.

    16.    A Defendant-Officer took his identification back to the police car. While he did that, other Defendant-Officers thoroughly searched Plaintiff, including all of his clothes.

    17.    The Defendant-Officers did not have a warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to seize, stop, detain, or search Plaintiff. Plaintiff had not violated any city, state or federal law. Defendant did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. The Defendant-Officers did not have a reasonable suspicion, based upon specific and articulable facts, that the Plaintiff had committed or was about to commit a crime.

    18.    After some time, the Defendant-Officers told Plaintiff that he had a warrant for missing court.

    19.    The Plaintiff told the Defendant-Officers that he could not possibly have a warrant.

    20.    There was not an arrest warrant for Plaintiff.

    21.    Plaintiff was placed in handcuffs.

    22.    The handcuffs were too tight.

    23.    Plaintiff told the Defendant-Officers that the handcuffs were too tight, but they would not loosen them.

    24.    Plaintiff was transported to the police station on 61st and Racine.

    25.    At the station, Plaintiff kept telling the Defendant-Officers, that there was not a warrant for his arrest and they were making a mistake.

    26.    The Defendant-Officers told Plaintiff that there "cannot be mistaken identity" with a person like Plaintiff, who is very large in size and weight.

    27.    The Defendant-Officers explained that it was impossible to have mistaken identity of a person of Plaintiff's size.

28. Through minimal effort, the Defendant-Officers could have learned that Plaintiff's assertion of mistaken identity was valid and veracious.

29. After processing, Plaintiff repeatedly told the lockup keeper that the handcuffs were too tight, but his pleas were ignored.

30. Plaintiff was in extreme pain and requested to be taken to the hospital, but this request was also completely ignored.

31. Plaintiff slept that night in the lockup at the police station at 61st and Racine.

32. Plaintiff had no feeling in his thumb for about one week.

33. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

34. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and monetary losses including lost wages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

35. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

36. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

37. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

38. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against CITY OF CHICAGO;
b) Award Plaintiff compensatory and punitive damages, as determined at trial;
c) Award Plaintiff attorney's fees and costs;
d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

39. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

40. The actions of Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

41. Plaintiff realleges the above paragraphs and counts as if fully set forth herein.

42. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of their employment.

43. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595